UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON DOCKET

PRAVINKUMAR PATEL (A200 192 393), )
)
    Plaintiff, )
)
v. ) Case No. 2:23-CV-136-DLB
)
JASON MAYDAK, Jailer, Boone County Jail; )
and LADEON FRANCIS, )
Acting Field Office Director, Chicago Field Office, )
Immigration and Customs Enforcement, )
)
    Defendants. )

## PETITION FOR WRIT OF HABEAS CORPUS

The Plaintiff, PRAVINKUMAR PATEL, by and through his own and proper person, and through his attorney, KHIABETT T. OSUNA, of the LAW OFFICES OF KRIEZELMAN BURTON & ASSOCIATES, LLC, hereby petitions this Honorable Court to issue a Writ of Habeas Corpus to review his continued unlawful detention and impending removal by the U.S. Immigration and Customs Enforcement, and states as follows:

### Introduction

1. Plaintiff PRAVINKUMAR PATEL is presently being detained by Immigration and Customs Enforcement ("ICE") at the Boone County Jail in Burlington, Kentucky.

2. Plaintiff is a citizen and native of India. He was last admitted into the United States on or around May 31, 2007 on a B2 visitor visa.

3. Plaintiff was ordered removed by the Immigration Judge ("IJ") on June 3, 2014, after Plaintiff's application for relief under the Convention Against Torture ("CAT") and withholding of removal was denied. On February 3, 2023, Chicago Immigration and

1

Customs Enforcement Enforcement and Removal Operations ("ICE ERO") officers arrested Plaintiff. He has been detained since that time, subject to immediate removal. However, he has not been removed and is not likely to be removed in the reasonably foreseeable future.

## Jurisdiction

4. The action arises under the Constitution of the United States, the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. section 1101 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. section 701 *et seq.*

5. This Court has habeas corpus jurisdiction pursuant to 28 U.S.C. section 2241, and Article I, section 9, clause 2 of the United States Constitution (the "Suspension Clause"), as Plaintiff PRAVINKUMAR PATEL is presently subject to immediate detention and custody under the of authority of the United States government, and said custody is in violation of the Constitution, law or treaties of the United States.

6. This action is brought to compel the Defendants, officers of the United States, to accord Plaintiff the due process of law to which he is entitled under the, Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

7. This Court may grant relief pursuant to 28 USC §2241, the Declaratory Judgments Act, 28 USC §2201 *et seq.*, 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1361 (mandamus), and the All Writs Act, 28 USC §1651.

8. No petition for habeas corpus has previously been filed in any court to review Plaintiff's case.

9. Nothing in federal immigration law strips this Court of its jurisdiction over Petitioner's claims. *See* 8 U.S.C. § 1252 (specifying provisions governing judicial review of orders of removal). Here, Plaintiff does not challenge his removal order, he only challenges his current

detention, which violates the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution.

## Venue

10. Venue lies in this Court pursuant to 28 U.S.C. §1391(e). Plaintiff PRAVINKUMAR PATEL is presently detained at Boone County Jail in Burlington, Kentucky, by order of ICE Chicago Field Office. Divisional venue is proper in the Northern Division, Covington Docket. *See* LR 3.1(a).

## Parties

11. Plaintiff, PRAVINKUMAR PATEL, is a native and citizen of India. He was last admitted into the United States on May 31, 2007, on a B2 visitor visa. He is presently detained at Boone County Jail.

12. Defendant, JASON MAYDAK, is being sued in his official capacity only, as the Jailer, or warden, of the Boone County Jail, where Plaintiff PRAVINKUMAR PATEL is presently being detained. He is, therefore, PRAVINKUMAR PATEL's immediate custodian.

13. Defendant LADEON FRANCIS, is being sued in his official capacity only, as the Deputy Field Office Director of the Chicago Field Office of Immigration and Customs Enforcement ("ICE"). As such, he is charged with the detention and removal of aliens which fall under the jurisdiction of the Chicago Field Office.

## Custody

14. Plaintiff PRAVINKUMAR PATEL has been detained by the Defendants, post-removal order, since February 2, 2023. He has remained at Boone County Jail since that time.

**Factual and Procedural Background**

15. Plaintiff, PRAVINKUMAR PATEL, was last admitted into the United States on May 31, 2007 on a B2 visitor visa.

16. He was arrested on October 7, 2011, and was subsequently issued a Notice to Appear by the Department of Homeland Security ("DHS"). He was released on bond on October 7, 2011.

17. Respondent had been convicted for the crimes of Trafficking in a Synthetic Cannabinoid, Possession of a Synthetic Cannabinoid, Promoting Gambling, 2nd Degree, and Possession of a Gambling Device, in violation of Kentucky Revised Statutes 281A.1426, 218A.1427, 528.030, and 528.080, respectively.

18. On June 24, 2013, Plaintiff filed Form I-589, Application for Asylum and for Withholding of Removal before the Immigration Court. On May 6, 2014, Plaintiff's case was heard before an Immigration Judge in Memphis, Tennessee.

19. On June 3, 2014, the Immigration Judge found that Plaintiff did not qualify for CAT or for withholding of removal, and rendered an oral decision denying relief. Plaintiff was ordered removed to India.

20. On October 29, 2014, Plaintiff filed an appeal before the Board of Immigration Appeals ("BIA"). The Board dismissed Plaintiff's appeal on September 16, 2015

21. On February 2, 2023, Chicago ICE ERO officers arrested Plaintiff. He has remained in ICE custody since.

22. On March 29, 2023, Plaitinff filed a Motion to Reopen and a stay request before the BIA. The Board has yet to issue a decision on the motion.

23. On April 4, 2023, Plaintiff requested release on parole, which ICE denied on the same date.

24. On April 19, 2023, in a written "Decision to Continue Detention," ICE officials determined that Plaintiff was to remain detained after a review of his file and any and all information Plaintiff had submitted to reviewing officers. *See* Exhibit A. The decision included a recitation of the facts in Plaintiff's case and that based on that information, Plaintiff was to remain in ICE custody. *Id.*

25. On August 29, 2023, Plaintiff's convictions were vacated and dismissed. *See* Exhibit B. On August 31, 2023, Plaintiff filed a Motion to Adjudicate Pending Motion to Reopen, based on the vacatur. The Board has yet to issue a decision on the motion.

26. On August 31, 2023, ICE issued a second "Decision to Continue Detention." *See* Exhibit C. The decision stated that ICE was working with the Indian government to procure a travel document in order to remove Plaintiff from the United States. ICE stated that "a travel document is expected and ICE has reason to believe there's a significant likelihood that [Plaintiff's] removal will occur in the reasonably foreseeable future." *Id.*

27. Plaintiff has now been detained by ICE for over eight months since he was detained pursuant to the issuance of his removal order, which was made final on September 16, 2015.

28. Plaintiff has been cooperative with ICE since his final order of removal and during his continued detention, and he is not a danger to the community or a flight risk.

29. The continued detention of Plaintiff by Defendants is a violation of law and the Constitution of the United States.

## Causes of Action

30. The continued detention of Plaintiff is not authorized by statute and is in violation of the 5th Amendment of the United States Constitution in that prolonged lengthy detention is unconstitutional.

## COUNT ONE
(Detention not Authorized by Statute)

31. Plaintiff has been detained by ICE since February 2, 2023, since he was taken into custody pursuant to the removal order made final on September 16, 2015. On August 31, 2023, ICE informed Plaintiff that they were working with the Indian government to secure a travel document for his removal and that they had reason to believe there was a significant likelihood that Plaintiff's removal would occur in the reasonably foreseeable future.

32. Plaintiff is being held in detention pursuant to 8 U.S.C. section 1231. This statute should be rationally interpreted to authorize only that detention which is reasonably related to effectuating removal. Under the doctrine of constitutional doubt, the Court should adopt a reasonable interpretation of the statute which would avoid constitutional infirmity. Thus, the Court should interpret the statute to prohibit the continued detention of Plaintiff for any reason unrelated to removal. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).

33. The Supreme Court stated in *Zadvydas* that the purpose of detention under 8 USC § 1231 is to effectuate removal. 533 U.S. 678 at 697. The Court has rejected a reading of the statute that would permit the detention of a foreign national for purposes of punishment. *See Wong Wing*, 163 U.S. 228, 237 (1896).

34. Plaintiff has now been in Defendant's custody for over eight months, after being detained pursuant to a final order of removal.

35. According to the Supreme Court, the presumptive limit to reasonable duration of post-removal period detention is six months. *Zadvydas v. Davis*, 533 U.S. 678, 680 (2001).

36. The Supreme Court has found that the indefinite detention of an alien in Plaintiff's circumstances is not authorized by the Immigration and Nationality Act section 241(a)(6). *See Zadvydas*, 533 U.S. 678, 699 (2001).

37. Defendants must release post-removal order detainees awaiting deportation when removal is no longer reasonably foreseeable. The burden is on Defendants to justify the continued detention of Plaintiff and the Supreme Court has found that this length and type of detention goes beyond the detention authority permitted by statute. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

38. In its most recent decision to continue detention, ICE states that Plaintiff continued to be detained because ICE is working with the Indian government to secure a travel document for Plaintiff's removal. *See* Exhibit C. ICE does not state what steps they have taken to secure the travel document, why it has taken over eight months to secure the document, or how much longer ICE anticipates waiting for a travel document. ICE does not provide information regarding the reasonable likelihood that Plaintiff will be removed in the foreseeable future.

39. Under *Zadvydas*, once an alien provides reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut the showing in order to warrant continued detention. *Zadvydas v. Davis*, 533 U.S. 699-700 (2001) (*see also Clark v. Martinez*, 543 U.S. 371, 386 (2005).

40. Because there is no reasonable likelihood that Defendants can effectuate deportation in this case, the continued detention of Plaintiff no longer falls within the grant of authority to the Attorney General, which permits the Attorney General to continue to hold Plaintiff in detention.

41. Plaintiff's prolonged detention is not authorized by statute and therefore he is now being held unlawfully by the Defendants.

7

## COUNT TWO
(Detention in Violation of Fifth Amendment Due Process Clause)

42. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1-41 above.

43. Plaintiff's continued detention violates the Due Process Clause of the Fifth Amendment. It is well-settled that the rights contained in the Due Process Clause of the Fifth Amendment extend to "all persons" present in the United States. *Zadvydas*, 533 U.S. at 693 ("Due Process Clause applies to all 'persons' within the United States, including aliens."); *see also Clark v. Martinez*, 543 U.S. 371 (2005).

44. Plaintiff has a liberty interest in not being detained for an indeterminate length of time by the Attorney General. *Zadvydas*, 533 U.S. at 696.

45. Deprivation of a fundamental liberty interest can only be justified if narrowly tailored to serve a compelling government interest. *Flores v. Reno*, 507 U.S. 292, 302 (1993).

46. The Court in *Zadvydas* found that the government interests at stake were not compelling. The Court considered two interests asserted by the government, ensuring the alien's appearance at future proceedings, and preventing danger to the community. The first interest was held to be "weak or inconsistent" when an individual cannot be deported in the foreseeable future. *Zadvydas*, 533 U.S. at 690. The second interest, preventative detention, could only be upheld where "limited to especially dangerous individuals and subject to strong procedural protections." *Id.* at 690-91. Neither interest is compelling here.

47. This statute is not narrowly tailored to protect any interest that the Defendants might assert. The statute only provides vague protections and those protections are in the hands of the very Defendants who are detaining Plaintiff. No reasonable administrative or judicial safeguards exist to protect detained immigrants from unreasonable detention. It would violate Due

8

Process to permit the Attorney General to exercise such unbridled power to indefinitely detain human beings.

48. There is no implication here that Plaintiff is a threat to national security, a terrorist or spy, or that such extraordinary conditions exist, such that Plaintiff should continue to be detained longer than reasonably necessary to secure deportation or removal. *Zadvydas*, 533 U.S. at 696.

WHEREFORE, Plaintiff PRAVINKUMAR PATEL, respectfully request that this Honorable Court:

A. Accept jurisdiction over this action;

B. Issue a Writ of Habeas Corpus requiring the Defendants to show why Plaintiff's detention is not unlawful;

C. Declare that Plaintiff's detention is beyond the authority granted to the Attorney General by statute;

D. Declare that Plaintiff's detention is in violation of the United States Constitution;

E. Order the Department of Homeland Security to immediately release Plaintiff, under appropriate and reasonable conditions; and

F. Grant any other relief that is equitable and just.

Respectfully Submitted,

Pravinkumar Patel

By: _____
One of his attorneys

KHIABETT T. OSUNA
KRIEZELMAN BURTON & ASSOCIATES
200 West Adams Street, Suite 2211
Chicago, Illinois 60606
Phone: (312) 332-2550
Fax: (312) 782-0158
kosuna@krilaw.com
Attorney # Texas 24116863

*Pro hac vice motion pending*